1   **Liam Meyer**
    **7907 Garden Highway**
2   **Sacramento, Ca  95837**
    **Tel:  415 515-3658**
3   **Email:  Liammeyer15@msn.com**
    **In Pro Per**
4

**FILED**

APR 18 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

5

6                    **UNITED STATES DISTRICT COURT**
                     **EASTERN DISTRICT OF CALIFORNIA**

7
                                          2:23  CV 0 7 1 8 - DC JDP PS
8   LIAM MEYER TRUST, LIAM MEYER,
    Plaintiff(s),                   )      **CASE NO: 4:23-CV-_____**
                                    )
9   **v.**                          )      **(Unlimited Civil)_____**
                                    )
10  **SIMON CHAN, SUI CHEONG CHAN,** )      **COMPLAINT FOR CIVIL**
    **PEGGY PICKYOKE YEE, ROBERTO** )      **RIGHTS VIOLATIONS AND DAMAGES**
11  **CRUZ, RUBY BITZER and ARG**   )      **BY FRAUD AS A PREDICATE ACT BY AN**
    inclusive, and **DOES** I to 100, )    **ENTERPRISE UNDER CIVIL RICO**
12                                  )      **AND REQUEST FOR INJUNCTION**
    (Defendants)                    )
13                                  )      **AS FOLLOWS:**
                                    )      1. **FAILURE TO DISCLOSE**
14  _____)         **IN A CALIFORNIA**
                                              **REAL ESTATE TRANSACTION**
15                                            **VIOLATION OF CIVIL CODE**
                                              **SECTION 1102, et seq.,**
16                                         2. **FRAUD – INTENTIONAL**
                                              **MISREPRESENTATION**
17                                         3. **FRAUD BY CONCEALMENT**
                                           4. **FRAUD BY NEGLIGENT**
18                                            **MISREPRESENTATION**
                                           5. **FRAUD - THEFT BY DECEPTION**
19                                         6. **FRAUD BY BREACH OF CONTRACT**
                                           7. **FRAUD BY BREACH OF THE**
20                                            **COVENANT OF GOOD FAITH**
                                              **AND FAIR DEALING**
21                                         8. **FRAUD - TORT OF ANOTHER**
                                           9. **FRAUD - UNFAIR BUSINESS**
22                                            **PRACTICES – BUS & PROF.**
                                              **CODE §§ 17200 ET SEQ**
23                                         10. **OTHER CIVIL RIGHTS VIOLATIONS**
                                           11. **CIVIL RICO EXTORTION**
24                                         12. **NEGLIGENCE RESULTING IN**
                                              **DAMAGE AND HARM**
25
                                           **JURY TRIAL DEMANDED**
26

27

28  COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
    CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
                                    - 1 -

1    Plaintiff(s), **LIAM MEYER TRUST, aka LIAM MEYER**, hereby files a Complaint presenting

2  a legal order to compel Defendants to give compensation for physical, mental, emotional, financial,

3  other, damages imposed, Civil Rights and Civil Rico Violations, Fraud and Negligence as follows:

## I.    INTRODUCTION

6  1.   This case centers on the sale of a real property, a residential property known "herein" as "The

7  Subject Property" at 7907 Garden Hwy, Sacramento, California 95837.  Plaintiff purchased

8  property from the sellers (Defendants), and previous owners, who were owners from 2009 until

9  Plaintiff purchased and closed September 11, 2019.  This is essentially a "Failure to Disclose",

10  Negligence and Fraud Case but because the Defendants are violating Plaintiff's Civil Rights, and

   because there are numerous persons working as an enterprise and using criminal fraud and

11  deception for the sake of illegal and unjust benefit by the enterprise (organized criminal fraud to

12  extort benefit), it is a Civil Rico action as well. The Bill of Rights to the US Constitution spells out

13  an Americans' guaranteed rights in relations with other citizens or entities, and in relations with

14  their government.  The State of California Constitution guarantees similar rights to a citizen.  Civil

15  rights and liberties guaranteed to the individual and population are much more than freedom of

16  speech, press, and religion. This complaint concerns the right to own property, have quiet

   enjoyment of life, and this case is about equal and just representation and treatment under law, and

17  other Civil Rights.  Plaintiff's Civil Rights  are being violated and abused by Defendants, and

18  others.  The acts and violations against Plaintiff(s) by Defendants, under the Civil Rico Act, have

19  led to extensive Civil Rights Violations' rights guaranteed by both the State of California and

20  Federal Constitutions as a matter of Law. The Civil RICO laws are established to punish any

21  offense that is carried out for enterprise's financial gain or for the sake of illegal benefit by the

22  organization (organized criminal activity) . (Apr 17, 2020)`  Federal Civil Rico Laws follow the

   same intent.

## II.  PARTIES AND JURISDICTION

24  2. Plaintiffs **LIAM MEYER TRUST is the vested owner of the "Subject Property" herein. and**

25  **LIAM MEYER TRUST also doing business as Liam Meyer**, is now and at all relevant times herein

26  mentioned was doing business as the trust, residing and conducting business in the County of

27  Sacramento, State of California, and in the Eastern District of the Federal Court in California.

28  COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
   CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

3. Defendants, **SIMON CHAN, SUI CHEONG CHAN, PEGGY PICKYOKE YEE, ROBERTO CRUZ, RUBY BITZER and ARG,** and **DOES** I to 100, inclusive, are now, and at all times mentioned, I    n the Complaint living in and doing business in Sacramento County, California, which is in the Eastern District of California District Federal Court. These Defendants listed, Simon Chan, Sui Cheong Chan and Peggy Pickyoke Yee reside and operate at 3831 Cherry Place, West Sacramento, California 95691. Therefore, this Court is the proper Court for the trial of this action as Defendants do business within its jurisdictional area.  The Court has Subject Matter Jurisdiction under Civil Rico Statutes as the Defendants signed a contract with Plaintiff and designed and participated in an Organized Enterprise for the **collection of an unlawful debt by fraud, and in violation of State and Federal Civil Rights on multiple counts.**

4. Defendant, **ROBERTO CRUZ,** and **RUBY BITZER** are defendants, and also attorneys for **SIMON CHAN, SUI CHEONG CHAN, PEGGY PICKYOKE YEE,** are now, and at all times relevant to this action were, duly licensed attorneys, licensed under the laws of the State of California, (CRUZ'S license number  342729, California, and he is licensed  in New York), and employees of the Law Firm Attorneys Real Estate Group (ARG), 905 Highland Pointe Drive, Ste 100, Roseville, California 95678. I was recently told RUBY no longer works for the law firm, but she sent Notice to Plaintiff in December of 2022 for Defendants. Roberto Cruz, Attorney, joined the Civil Rico Enterprise to facilitate and assist the other Defendants in their plan to **collect an unlawful debt.  The debt is unlawful because it is the result of willful, negligent failure to disclose important information, and active concealment of problems that affect the use and value of the property (Fraud by Concealment and Deception).** The violation of the law, herein, results from failure to disclose that the property has much more liability than was presented or alleged by Defendants.  The property has at least ten times more real debt than equity, and the magnitude of  that was not disclosed by sellers or their agents/representatives. The "Subject Property" effectively is valueless.

5. Plaintiff is unaware of the true names or capacities, whether they are individuals or business entities, of  Defendants DOES 1 to 100, inclusive, and sues them by such fictitious names. Plaintiff will seek leave of this Court to insert their true names and capacities once they have been ascertained.

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

6. The real property (**"Subject Property"**) that is the subject matter of this action is commonly described as **7907 Garden Highway, Sacramento, Ca 95837-9311**, in the city and county of Sacramento, and legally described as **APN – 201-0150-034-0000**.

7. Plaintiff is informed and believes and upon such information and belief alleges, the Defendants in their entirety, and Does 1 to 100 inclusive, were, at all times herein mentioned, authorized and empowered by each other to act, and did so act, as agents of each other, and all of the things herein alleged to have been done by them were done in the capacity of such agency and enterprise. Upon information and belief, all Defendants are responsible in some manner for the events described herein and all are liable to Plaintiff for the damages it has incurred. All things herein alleged to have been done in the capacity of such an agency. Upon information and belief, all defendants are responsible in some manner for the events described herein and are liable to Plaintiff for damages it has incurred.

## III. APPLICABLE FEDERAL LAW

8. If a seller of Real Property, their Agent, or Attorney – law firm, or any person or related entity to the sale of this real property, failed to **disclose**, or actively concealed problems that affect the value of the property; they are violating the law and may be subject to a lawsuit for recovery of damages based on claims of fraud (a predicate act to Civil Rico- as well as Civil Rico Statutes), theft by deception, deprivation of Civil Rights, deceit, misrepresentation and/or breach of contract, where there is an "Enterprise" conspiring to collect an illegal debt. If a fraud is perpetrated by two or more entities or persons, and the fraud leads Defendants to attempt to collect or receive undeserved value based on that fraud, collect a value not owed, it is an act covered under Civil Rico, and a crime of extortion. The fraud and attempt to collect an illegal debt can be litigated in either State or Federal Court as Civil Rico and Civil Rights Violation, and additionally those acts can also be considered Deprivation and Violation of Civil Rights. It is a special harm when those acts of fraud and deception deprive a citizen of rights guaranteed by the State and Federal Constitutions**. Plaintiff cannot refinance the "Subject Property", or even "sell it"** or he would be guilty of a criminal fraud just like the Defendants in this case.

9. In California, the seller, and representatives, have a legal responsibility to provide "meaningful disclosures" regarding the property for sale. If the seller fails to disclose known issues and defects that will affect the property's desirability or value, the seller and their agent will have substantial liability. A seller cannot just list a property "as-is" or sell it "as is." Due to the "boom

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

and bust" nature of the California property market, California has enacted laws to protect buyers of residential real estate. As a home is often the most expensive thing a person will buy, laws were deemed necessary to protect the public. **The law protects buyers by requiring sellers to disclose certain details of their property condition. Sellers of the Subject Property, the Real Property, herein, did not disclose serious information and issues about the "Subject Property", 7907 Garden Highway, Sacramento, Ca 95837, APN-201-0150-034-0000 , that render the property not only without resale value and marketable possibilities, but it is burdened by resulting, alleged, State Violations that are being enforced, that will cost more than ten times what the property's sale value commanded. The State alleges those "Violations" were done by Defendant home owners who sold the property to Plaintiff. This "Theft by Deception" goes beyond harm by fraud, it is an organized plan to "Extort" purchase money on a property with no value and sizable debt. Extortion (the collection or attempt to collect illegal gotten money, money gotten by fraud) is an act defined under Civil Rico Statues. The State has put a lien against Plaintiff personally as well as the property.** Plaintiff had no part or RESPONSIBILITY in doing any damage but Defendants and the State did. Defendants, and Sellers planned to off-load the problem property knowing full-well that its' liabilities were more than ten times its marketable asset or equity value. In other words, Defendants, by failure to disclose certain problems with the property, **sold a property where any buyer could never recover any value or purchase money paid, and might even lose the property to the State by "Taking". They also knew the property was placed under "Limited Use Order by the local County, and they did not disclose that as well.** It was a property sold that had limited use restrictions placed by the County and by that **could not be lived in.** Defendants did not disclose that to Plaintiff/buyer. Additionally, the Defendants knew that no use, improvements, accumulation in equity over time, or new value after the sale, could meet anticipated value increases that would be expected by any buyer. Additionally, Counsel for the State Water Department who is responsible for the riverbank damage in the "Encroachment Violation" put on the property by the State of California and Violation Enforced by CVFPB, is Jamil Ghannam, Deputy Attorney General, and he is in the State's Tort and **CONDEMNATION SECTION**. Defendants never informed Plaintiff about what appears to be the State's intentions concerning the "Subject Property". Jamil Ghannam's office is titled **CONDEMNATION SECTION** and that title suggests its own story. It appears that the property Plaintiff bought is

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

1    tagged for "Condemnation and Demolition" by the State. Plaintiff was given no clue by Defendants

2    that "Condemnation and Demolition" were even a possibility, let alone the intention of the State.

3        10. In the 1990 decision of Tafflin v. Levitt, the U.S. Supreme Court held that **State and**

4    **Federal courts have concurrent jurisdiction** over Civil RICO actions. **Anyone can bring a Civil**

     **Rico suit if they've been injured, and if injured by a RICO violation (the illegal collection of**

5    **money by fraud) . If a Plaintiff wins, they can receive <u>treble damages</u>**. Civil Rico contains a

6    provision under which a private party can file a civil suit in federal court against a person,

7    corporation, business, political group, etc. alleged to have violated one or more RICO prohibited

8    acts. As set forth by the Legal Information Institute, the **<u>Racketeer Influenced and Corrupt</u>**

9    **<u>Organizations Act</u> (RICO)** is a federal statute originally aimed at stopping the Mafia and other

     organized crime entities. **It does, however, contain a provision under which a private party can**

10   **file a civil suit in federal court against a person, corporation, business, political group, etc.**

11   **alleged to have violated one or more RICO prohibitions.** Rico prohibitions are as follows:

12                                    **<u>Civil RICO</u>**

13                              **Comment /US Court**

14       11. A plaintiff may bring a private civil action for violations of the Racketeer Influenced and

15   Corrupt Organizations Act (RICO). *See* 18 U.S.C. § 1964(c). The RICO statute prohibits four types

16   of activities: (1) investing in, (2) acquiring, or **<u>(3) conducting or participating in an enterprise</u>**

17   **<u>with income derived from</u>** a pattern of racketeering activity or **<u>collection of an unlawful debt</u>**, or

18   (4) **<u>conspiring to commit</u>** any of the first three types of activity. **<u>18 U.S.C. § 1962(a)–(d).</u>** RICO

19   was "intended to combat organized crime, not to provide a federal cause of action and treble

     damages to every tort plaintiff." *Oscar v. Univ. Students Coop. Ass'n*, 965 F.2d 783, 786 (9th Cir.

20   1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005). However, **the**

21   **statute is to "be liberally construed to effectuate its remedial purposes."** *Odom v. Microsoft*

22   *Corp.*, 486 F.3d 541, 546 (9th Cir. 2007).

23       12. As to the element of causation, **a plaintiff must prove that the defendant's unlawful**

24   **conduct was the proximate cause of the plaintiff's injury.** *Harmoni International Spice, Inc. v.*

25   *Hume*, 914 F.3d 648, 651 (9th Cir. 2019)

26

27

28   <u>COMPLAINT:</u> NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
     CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

13. RICO claims are most commonly brought under 18 U.S.C. § 1962(c) and (d), the conduct and conspiracy prongs of the statute.

### 18 U.S.C. § 1962(c)

14.  To recover under § 1962(c), a plaintiff must prove (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as **"predicate acts"**), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

15.  **Conduct:** The conduct element of § 1962(c) requires that a defendant have some part in directing the affairs of the enterprise. Liability is not limited to those with primary responsibility for the enterprise's affairs, nor is a formal position within the enterprise required. However, the defendant is not liable under § 1962(c) unless the defendant has participated in the operation or management of the enterprise itself. *See Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993) (holding that accountants hired to perform audit of cooperative's records did not participate in "operation or management" of cooperative's affairs by failing to inform cooperative's board of directors that cooperative was arguably insolvent). In determining whether the conduct element has been satisfied, relevant questions include whether the defendant "occupies a position in the chain of command," **"knowingly implements** [the enterprise's] decisions," or is **"indispensable to achieving the enterprise's goal."** *Walter v. Drayson*, 538 F.3d 1244, 1248-49 (9th Cir. 2008) (holding that attorney's performance of services for alleged associated-in-fact enterprise was not sufficient to satisfy § 1962(c)'s conduct element).  **Where Defendants and Attorneys Robert Cruz and Ruby Bitzer fall into peril, they enter the Enterprise and assume a Managerial Role in extorting an illegal alleged debt.**

16.  **Enterprise:** An "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The "definition is not very demanding." *Odom*, 486 F.3d at 548. RICO does not require that either the racketeering enterprise or the predicate acts of racketeering be motivated by economic purpose. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 262 (1994).

17. For purposes of § 1962(c), a single individual or entity cannot be both the RICO enterprise and an individual defendant. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (holding that a plaintiff could not assert RICO claim against a defendant bank because the bank was also alleged to be RICO enterprise). However, "the inability of a corporation to operate except through its officers is not an impediment to § 1962(c) suits." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir. 1992) (holding that individual officers of corporation could be named as defendants even though corporation was alleged to be enterprise and could not act without its officers); *see United States v. Benny*, 786 F.2d 1410, 1416 (9th Cir. 1986) (stating that corporate form is "sort of legal shield for illegal activity that Congress intended RICO to pierce."). An organizational defendant can be a member of a larger associated-in-fact enterprise. *See Living Designs*, 431 F.3d at 361 (finding associated-in-fact enterprise could be formed between defendant corporation, law firms employed by it and expert witnesses retained by law firm).

18. An associated-in-fact enterprise is "a group of persons associated together for a **common purpose of engaging in a course of conduct**." *Boyle v. United States*, 556 U.S. 938, 945-46 (2009) (quoting *United States v. Turkette*, 452 U.S. 576, 580 (1981)). Its existence is proven through evidence of an ongoing organization, formal or informal, and evidence that the various associates function as a continuing unit. No particular organizational structure, separate or otherwise, is necessary for an associated-in-fact enterprise. *Odom*, 486 F.3d at 551 (finding that plaintiffs had sufficiently alleged associated-in-fact enterprise between defendant software manufacturer and co-defendant retailer wherein defendants established cross-marketing scheme for transferring plaintiffs' personal information from retailer to manufacturer in order to allow manufacturer to improperly charge plaintiffs for services); *see also Boyle*, 556 U.S. at 945-46 ("It is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."). Defendants in RICO actions must have had "some knowledge of the nature of the enterprise . . . to avoid an unjust association of the defendant[s] with the crimes of others," **but the requirement of a common purpose may be met so long as the defendants were "each aware of the essential nature and scope of [the] enterprise and intended to participate in it."** *United States v. Christensen*, 801 F.3d 970, 985 (9th Cir. 2015). **A RICO enterprise is not defeated even when some of the enterprise's participants lack detailed knowledge** of all of the

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

other participants or their activities. Instead, "**it is sufficient that the defendant know the general nature of the enterprise and know that the enterprise extends beyond his individual role**." *Id.* In particular cases, "the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise" may overlap. *Boyle*, 556 U.S. at 947. However, "enterprise" and "conduct" are two separate and necessary elements of a civil RICO claim. *Odom*, 486 F.3d at 549 ("The **'enterprise'** is the actor, and the 'pattern of racketeering activity' **is an activity in which that actor engages.**").

19. **Pattern:** A pattern is defined as "**at least two acts** of racketeering activity" within ten years of each other. 18 U.S.C. § 1961(5). Proving two predicate acts is a necessary condition for finding a violation, but may not be sufficient. *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238 (1989). To establish a "pattern of racketeering activity," the predicate acts must be both "related" and "continuous." *Id.*; *Sever*, 978 F.3d at 1529. **It would appear that collecting multiple sums of money over time based on fraud would be a qualifying pattern.**

20. **Related conduct** "embraces criminal acts that have the same **or similar purposes, results, participants, victims, or methods** of commission, or otherwise are interrelated by distinguishing characteristics and **are not isolated events**." *H.J., Inc.*, 492 U.S. at 240. Relatedness of the alleged or proven predicate acts is rarely an issue. *See Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987) (finding **alleged predicate acts** to be related **when all were directed toward inducing plaintiff** to enter joint venture and **provide funds to obtain certain rights**). However, merely alleging that the predicate acts share the same participants is insufficient to establish that they are related. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 749 (9th Cir. 2000) (finding that when the purpose, result, victim and method of one set of predicate acts were "strikingly different" from those of the other set of alleged predicate acts, fact that both sets implicated same participants was not enough to establish relatedness).

21. **The continuity requirement** reflects Congress's concern in RICO with **long-term criminal conduct**. *See H.J., Inc.*, 492 U.S. at 242. Plaintiffs must prove either "open-ended" or "closed-ended" continuity—that is, a **plaintiff** must either **prove a series of related predicate acts committed over a substantial period of time** (known as closed-ended continuity), or show past conduct that by its **nature projects into the future with a threat of repetition** (known as open-

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

ended continuity). *See id.* at 241-42; *Howard*, 208 F.3d at 750. There is no bright line rule for what period of time the pattern of activity must extend to establish closed-ended continuity, though activity spanning only several months is unlikely to satisfy the requirement. *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1528 (9th Cir. 1995) (noting that it would be "misguided" to state as "hard and fast rule" that to establish closed-ended continuity, pattern of activity must extend more than year, but also stating that activity spanning only several months without threatening any future criminal conduct does not meet continuity requirement); *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366-67 (9th Cir. 1992) ("[T]he alleged activity continued for six months at most . . . . We have found no case in which a court has held the [closed-ended continuity] requirement to be satisfied by a pattern of activity lasting less than a year."). Open-ended continuity is shown through "predicate acts that specifically threaten repetition or that become a regular way of doing business." *Allwaste*, 65 F.3d at 1528; *see, e.g., Ikuno v. Yip*, 912 F.2d 306, 308 (9th Cir. 1990) (finding open-ended continuity based on two filings of false annual trading reports for phantom commodity trading company and no evidence that defendant would have stopped filing false annual reports if company had continued to do business); *Medallion*, 833 F.2d at 1364 (finding continuity requirement not satisfied because fraud engaged in posed no threat of future activity).

22. **Racketeering Activity:** To constitute racketeering activity, the relevant conduct must consist of at least one of the indictable predicate acts listed in 18 U.S.C. § 1961. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 495 (1985) **("'[R]acketeering activity' consists of no more and no less than commission of a predicate act.")**. Predicate acts must be proved by a preponderance of the evidence. The frauds and failure to disclose, herein, are definite "Predicate Acts". *See Wilcox v. First Interstate Bank*, 815 F.2d 522, 531-32 (9th Cir. 1987).

## 18 U.S.C. § 1962(d)

23. A RICO CONSPIRACY under § 1962(d) may be established by **proof of an agreement to commit a substantive violation** of RICO. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th Cir. 2002) ("It is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy"). The conspirator need not have agreed to commit or facilitate each and every part of the substantive offense. *Howard*, 208 F.3d 741, 751 (9th Cir. 2000) (citing *Salinas v. United States*,

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

1    522 U.S. 52, 65 (1997)). However, the conspirator must have been "aware of the essential nature

2    and scope of the enterprise and intended to participate in it." *Id.* (citing *Baumer v. Pachl*, 8 F.3d

3    1341, 1346 (9th Cir. 1993)). The "**agreement need not be express as long as its existence can be**

4    **inferred from words, actions, or interdependence of activities and persons involved**." *Oki*

     *Semiconductor Co.*, 298 F.3d at 775. **If a RICO conspiracy is demonstrated, "[a]ll conspirators**

5    **are liable for the acts of their co-conspirators." *Id.***

6

7    24.  A defendant can be held liable for a RICO conspiracy if the evidence shows that he or

     she "**knowingly agrees[d] to facilitate a scheme** which includes the operation or management of a

8    RICO enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1229-30 (9th Cir. 2004). There is no

9    requirement that the defendant have conspired to operate or manage the enterprise himself or

10   herself. *Id.* (affirming conviction under § 1962(d) of defendant who collected money on behalf of

11   member of enterprise, facilitated communications between conspirators and accepted payment for

12   drugs sold through enterprise).

13
     25. Section 1962(d) applies to intracorporate, as well as intercorporate conspiracies; thus, it
14   is possible for a corporation to engage in a RICO conspiracy with its own officers and

15   representatives. *Webster v. Omnitron Int'l*, 79 F.3d 776, 787 (9th Cir. 1996) (quoting with

16   approval *Ashland Oil, Inc. v. Arnett*, 875 F.2d 1271 (7th Cir. 1998), for the proposition that

17   "intracorporate conspiracies … threaten RICO's goals of preventing the infiltration of legitimate

18   businesses by racketeers and separating racketeers from their profits").

19   **THE LEGAL STANDARD OF FRAUD IN CALIFORNIA REAL ESTATE DEALS**

20
     26. The **law regarding disclosures, OR FAILURE TO DISCLOSE is found in California**
21   **Civil Code 1102 et seq.** In this law, the seller and their agents must be clear not only about the

22   property itself but the neighborhood and any other factors that may affect **the use, value,**

23   **sellability, and enjoyment of the property**. In the sale of this "Subject Property", disclosures were

24   not made to Plaintiff buyer and damages to the Plaintiff are the result.  The precedent case for

25   failure to disclose and related fraud in Real Property cases in California is Easton v. Strassburger –

26   152 Cal. App 3d 90, 199 Cal Rptr. 383 (1984). In this case seller's and their agents did not disclose

27

28   <u>COMPLAINT:</u> NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
     CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

that a house was built on land fill. The land shifted and significantly reduced the value of the property. Judgment was for Plaintiff Eaton, the aggrieved home buyer.

### IV  APPLICABLE  CALIFORNIA  LAW

27.  California **sellers must provide buyers** with the **Real Estate TDS or Transfer Disclosure Statement (law regarding these disclosures is found in California Civil Code 1102 et seq.)** This comprehensive document **must be provided to the buyer** as far in advance of the close of transaction as possible. Often, the seller will complete the TDS before entering into an agreement of purchase. If the seller does not provide it, the buyer has a legal right to seek damages. The seller or their agent never presented a **Real Estate TDS or Transfer Disclosure Statement** at any time and they hid or omitted known information about situations at the "Subject Property" that led to Plaintiff's damages and injury.

28.  To avoid allegations of misrepresentation, deceit, or fraud, the sellers must disclose everything in the TDS. Everything from cracks in the foundations and plumbing, to operational issues with appliances, should be disclosed in this form. The seller should also note what they have learned will be costs to remedy violations, about restrictions to use of the property, etc. Previous damage to the property and repairs made, and impending costs. The buyer can hold the seller liable for failure to disclose even if the buyer did a home inspection before they bought the property.

29.  **A seller who fails to disclose issues with the property may be held liable for any damages the buyer bears.** Any failure to disclose is considered a breach of the seller's duties of fair dealing and acting in good faith. California real estate brokers, agents, and attorneys owe buyers a duty of care and therefore will be held to the same standards as a seller.

30.  **A buyer can claim damages, which are a financial award for any costs the buyer bears to repair the issue**. The buyer may also claim damages for any difference in the property value because of the issue. The value of damages in this matter are double, or more, than what the property is valued at. The seller did fraudulent misrepresentation and Plaintiff will prove the seller knew about the issue and concealed it from buyer.

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

31. Failure to disclose damages are considered in three main categories:

**Compensatory Damages** – These cover out-of-pocket expenses the buyer bears to repair the issue or defect. These also cover any decreases to the property value based on the specific issue or defect not disclosed.

**Punitive Damages** – If your lawyer can prove that concealing the defect was an act of malice by the seller or their agents, then you may recover punitive damages. Punitive damages punish offenders for their malicious actions and to deter the behavior in the future.

**Rescission** – the buyer may be able to rescind the purchase contract and force the seller to take the property back and return the buyer's money and pay damages for the harm the fraud has caused.

32. **California law states that a seller who willfully or negligently fails their duty to the buyer shall be liable for the amount of damages suffered by the buyer.** The remedies California law offers for the buyer are: 1) Damages 2) Specific performance (if the seller is forced to fix the error rather than pay money for it) 3) Damages for fraud, or early in the sale, 4) Recission or 5) Cancellation.

33. <u>**Damages for fraud are calculated as the difference in what the buyer paid and the actual value of the property now the issues have come to light**</u>**. In this case the property cannot be sold at any price because it is effectively condemned, and as such it has no value. Additionally the state demands nearly several million dollars from Plaintiff in Administrative Violation Penalties (Violations to repair the levy that the house sits on. The State says "Homeowner – Defendants", both the property Trust and persons, owe this debt (Violations are Administrative Cases: 2017-15464 )** It is vital to remember that in a rapidly appreciating market, the value of the property might now be higher than the buyer's purchase price. That did not happen in this case and Plaintiff should be awarded damages. The buyer may also be awarded damages to fix the undisclosed issues and any loss of profits or gains anticipated by the buyer when purchasing the property. In the case, herein, the "Subject Property" gained no inflation value when other properties in the Sacramento region and California in general, gained on average, 40% increases in property value and market increases. In fact, the "Subject Property" is wholly unsellable. The property is the levy and built on sand, a highly and permanently unstable base. Plaintiff was not told

1  the house was built on sand.

2      34. Recovering lost profits from the resale or use of the property relies on these

3  conditions:

4          1. The property was bought for the profit anticipated through use or resale.

5          **2.** The omission of damming information, the fraud, was a key factor in the

6          calculation of anticipated profits, and the **buyer reasonably relied on it to make**

7          **a purchasing decision.**

8          3. The damages (loss of value or profit and rents, or sale) were caused by the

        fraud.

9      35. The first condition means that **if the property was bought for the buyer to live in, or as**

10  **an investment property, a collateral promise to the condition of the property for that use is**

11  **implied and expected.** Buyer can claim lost profits as damages, as well as claim loss of

12  Rental Income as Damages. The court traditionally evaluates Income Damages on case-by-case

13  basis, and in the past, some courts have allowed loss of rental income to be claimed as damages, and

14  some have not. In *Saunders v. Taylor (1996) 42 Cal. App. 4th 1538, 1543*, the court allowed the

claimant to claim future damages. In *Chatterley v. Bongiovanni (In re Chatterley) (B.A.P. 9th Cir.*

15  *May 23, 2005) [\*12]*, citing *Stout v. Turney, (1978) 22 Cal. 3d 718, 721*, ruled that under Civil

16  Code 3343, lost rent can be included as lost profit and damages.

17      36. Undisclosed facts in this fraud claim were not discoverable by the buyer through diligent

18  efforts, **and an agent or attorney knowing (likely Does 1 to 110),** at any time, that proper

19  disclosures were not made to the buyer are equally liable for damages of fraud, extortion, and theft

20  by deception. California sellers must provide buyers with the **Real Estate TDS or Transfer**

**Disclosure Statement (law regarding these disclosures is found in California Civil Code 1102**

21  **et seq.) The TDS is obligatory under law.** **The seller never prepared or presented any TDS to**

22  **the buyer. Seller only presented standard disclosure about lead paint, etc. It appears seller**

23  **thought the "As-Is" notice handled it.  Under law the "As-Is" does not comply with TDS legal**

24  **requirements.  No TDS given to Plaintiff-Buyer, or an incomplete TDS, leaves a lot of room**

25  **for the fraud and deceptions in this Real Estate purchase.**

26      37. Both the buyer and seller must understand and fulfill the need for complete and full

27  disclosure. If the seller is wise, they will protect themself from liability by disclosing any known

28  COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

issues in writing and ensuring it is initialed by the buyer. Not of that happened in this sale. Real estate sale documents are comprehensive and will have pages prompting disclosures and space for the buyer to initial and sign. Sellers are advised to go through their records to ensure they have not forgotten any issues. They may also wish to seek a professional to check for any issues they may not be aware of.

38. As a rule, when selling property, it is best to put in writing every defect, every violation, they have reason to believe exists, the costs to remedy, and have the buyer initial the disclosure. This way, seller's protection is maximized, even though this may lower the sale price.

**PRECEEDING ALLEGATIONS COMMON**
**TO AND INCLUDED IN CAUSE(S) OF ACTION**

**CAUSE OF ACTION FOR FRAUD CAUSING INJURY: A FAILURE TO**
**DISCLOSE IN A CALIFORNIA REAL ESTATE SALE/PURCHASE WITH**
**FRAUD RESULTING BY     :**

            **1) BREACH OF CONTRACT**

            **2) INTENTIONAL NEGLIGENT MISREPRESENTATION**

            **3) CONCEALMENT AND OMISSION**

            **4) PROMISE WITHOUT INTENT TO PRFORM**

            **5) OTHERS**

**(As against all Defendants)**

39. Plaintiff realleges the allegations contained in paragraphs 1 through 38, inclusive, hereinabove, as though set forth in full herein, and incorporates them into this cause of action by reference.

40. On or about September 11, 2019, Plaintiff (buyer) and Seller entered into a written agreement in which Plaintiff agreed to purchase and seller agreed to sell the "Subject Property". A copy of the written purchase sale agreement ("the agreement") is attached hereto to this Complaint as "Exhibit A" and is incorporated herein by reference. "The Agreement" includes provisions for recovery of attorney fees by the prevailing party in the event action is brought under the agreement.

41. Prior to Plaintiff (Buyer's) execution of the agreement, seller and broker/agent for seller **did not present a Real Estate Transfer Disclosure Statement (TDS) as required by California**

1  **Law.** And at no time there after did Seller or Agents disclose to the Buyer that the property had

2  been "red tagged" by the County of Sacramento under a "Limited Use Restriction" and that the

3  State agency that enforces Violations on California Water ways, the Central Valley Flood

4  Protection Board (CVFPB), demands $1,742,000.00 to repair the property river bank, that they

5  would put a Clerk's Judgment Lien on the property for $106,000.00 for costs to violate and enforce

6  encroachment allegations.  Defendants did not disclose that the **"State Demolition Office of the**

7  **Attorney General" was actively representing the State in their "Encroachment Violation**

   **Administrative Action".**

8  42.  **Selling the Property As-Is:** As mentioned earlier, the seller has the obligation to

9  disclose any issue with the property that can adversely affect the desirability or value of the

10 property, provided that they have actual or constructive knowledge of those issues, and provide the

11 buyer with a Transfer Disclosure Statement. This must be done regardless of whether the property is

12 being sold "as-is" or not.

13 43.  If the property is being sold "as-is," the seller is essentially making it so the buyer must

14 take the property with all its observable and disclosed faults. If, however, the property is sold "as-is"

15 and the buyer later discovers an issue with the property that was neither disclosed or readily

16 observable, then that issue is not covered by the "as-is" provision of the sale. In such a case, the

17 seller may be liable for the loss in value or desirability, provided that the **seller was aware, or**

   **should have been aware**, of the issue at the time of the sale.

18 44.  **Plaintiff relied on the representations** set forth solely on conversations with the seller

19 **when entering into the agreement and no seller Transfer Disclosure Statement was ever**

20 **offered or presented.  Disclosures about lead paint and Real Estate Agent representing the**

21 **buyer and seller were presented.**

22 45.  **Plaintiff intended to perform its obligations under the terms in the agreement in the**

23 **manner specified therein except Plaintiff was prevented or excused from performing based on**

24 **failure to disclose, fraud and breach of contract. Parties were scheduled to close escrow of the**

25 **"Subject Property" on June 19, 2019. Plaintiff is uncertain of the exact closing date, but**

26 **closing was on September 11, of 2019.**

27

28 COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION,
   CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
   - 16 -

47. Plaintiff is informed and believes, and on that basis alleges, that the seller breached the agreement by failing to disclose meaningful material and important facts and information regarding the status and condition of the property that was within the seller's knowledge as follows: 1) the true estimated costs to cure the river bank "Encroachment Violation" estimated by Central Valley Flood protection Board at $1,742,000.00, and 2) the limited Use Restriction put on the property by the County of Sacramento, 3) others.

48. In conversation and not by written Transfer Disclosure Statement, the sellers stated that 1) they had hired a licensed California Engineer (MBK), who prepared and submitted on their behalf, a request for an "Emergency Permit" – to Stabilize the river bank and cure the "Encroachment Violation", 2) that seller had been granted a loan for $500,000.00 to remedy, complete, and resolve the matter.  Plaintiff intended/and did resubmit MBK's Engineering plan and requested a permit, as no seller had yet received such a permit, or done any repair work.

49. Plaintiff relied on the seller's representations of what would be required to bring the property to code, engineering, costs and labor, and achieve a stable property after inspection and with proper permits.

50. Plaintiff would not have entered into the agreement had Plaintiff known the true facts. Plaintiff has dealt with matters for over three and a half yeas incurring huge expense and losses, lost wages, disruption of quiet enjoyment and quality of life, etc.

51. As a result of seller's breach of the agreement to deliver the "Subject Property" under a seemingly workable framework, and value, upon closing, Plaintiff has been damaged.  Plaintiff has been forced to incur costs and expenses in his efforts to correct defects and problems at the "Subject Property" Costs and damages will be presented before or at trial.  Costs and damages are on going so there is no final on that until the matter has been litigated and disposition achieved.

52. The damages suffered by Plaintiff are not yet ascertained, but said damages exceed the jurisdictional minimum of this Court, plus interest at the legal rate of 10% per annum from and after closing and final purchase of the "Subject Property". Those sums will be proven at time of trial or during discovery.

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

## IRREPARABLE INJURY AND REQUEST FOR INJUNCTION

53.  Monetary damages at a later time would not adequately compensate Plaintiff(s) for injuries sustained, and injuries that Plaintiff(s) continues to sustain as a result of the events described above; damages which cannot be measured in total until the Court has reviewed issues and defined responsibility for failure to disclose injuries and harm.  The Defendants/sellers did a carry-back loan with Plaintiff-Buyer in the amount of $300,000.00, interest only for three years at purchase September 11, 2019. Sellers made every effort to entice Plaintiff to take the property off their hands. The three years ended and Defendants, through their attorney Robert Cruz – ARG, have given Notice of Default calling for immediate payment of principal and fees on that home loan. Having taken ownership of the "Subject Property" Plaintiff has been named to a potential multimillion-dollar liability by the State and at the property for damages the State did, and the extent of damages which the Defendants did not disclose to Plaintiff. This Notice of Default action by Defendants is heading toward foreclosure**, with a Tentative Sale Date of May 18, 2023**, and if allowed to proceed will do irreparable harm to Plaintiff.  Plaintiff will still have a multimillion-dollar judgment against him by the State for alleged "Encroachment Violations" at the property even if he loses the property in foreclosure.  Plaintiff did no damage, he just bought damaged property and was blind-sided by Seller Defendants because they did not disclosure the true intention of the State to take and demolish the property.  Defendants most certainly knew or should have known about this and other problems with the property. The Seller Defendant's overwhelming efforts to off-load the property and collect a quick $300,000.00 are suspicious as well.  Plaintiff requests that this Court put a Stay on all Default and foreclosure issues at the "Subject Property" until all the evidence and damages and responsible parties for fraud and failure to disclose are determined in this case.  Plaintiff alleges that because of the fraud by Defendants and the costs Plaintiff is incurring and other damages incurred, Plaintiff will be irreparably injured if the Injunction stopping the Default and Foreclosure issues is not ordered by this Court immediately. Requirements and costs put upon Plaintiff as he attempts to resolve matters that Defendants failed to disclose, are ongoing with additional harm and damages mounting. Defendants attempt to collect additional fees in an amount around $70,190.35 above the $300,000.00 sale price. Without this Complaint there would be no end in sight, no justice, no equity, and Plaintiff would be irreparably harmed and likely saddled with "Encroachment Violation" fees mounting to several million dollars. That is a debt that Plaintiff has no responsibility for, but Defendants do in total.

CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

1

## **PRAYER**

2

. The devastating economic impact of Defendants' actions, fraud and failure to disclose, have made

3

valueless Plaintiff's investment-based expectations (including but not limited to the substantial

4

capital costs incurred in preparing the Stabilization Plan, preparing legal defenses going on four

5

years and continuing, lost income opportunities do to time demands to deal with these issues),

6

severely and irreparably harmed Plaintiff's constitutionally protected interests, by intentionally

7

preventing his best use of the land, and have functionally extinguished several fundamental

8

attributes of ownership. Further, any compensation given Defendants' requiring resources from

9

Plaintiff in the sale/purchase of this "Subject Property" would only be a reward for a theft by

deception.  Plaintiff is incurring ongoing legal costs to secure permission, or to facilitate uniquely

10

public functions as a requirement to relieve the Administrative Encroachment Violation, and for

11

granting legally permitted use of the property. The evidence unequivocally supports a finding of the

12

liability for listed wrong-doing and resulting damages by Defendants.  Damages to be determined at

13

trial.

14

15

Dated:  March 12, 2023

16

Liam Meyer, Plaintiff Pro Per

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION

1  **Liam Meyer**
   **7907 Garden Highway**
2  **Sacramento, Ca  95837**
   **Tel:  415 515-3658**
3  **Email:  Liammeyer15@msn.com**
   **In Pro Per**
4

5              **UNITED STATES DISTRICT COURT**
               **EASTERN DISTRICT OF CALIFORNIA**
6

7  **LIAM MEYER TRUST, LIAM MEYER,**
   Plaintiff(s),                          )    **CASE NO:** _____
8                                         )
   **v.**                                 )
9                                         )    **PROOF OF SERVICE**
   **SIMON CHAN, SUI CHEONG CHAN,**       )
10 **PEGGY PICKYOKE YEE, ROBERTO**        )
   **CRUZ, RUBY BITZER and ARG**          )
11 inclusive, and **DOES** I to 100,      )
                                          )
12 (Defendants)                           )
                                          )
13                                        )

14

15
   I the undersigned, hereby, certify that I am over the age of eighteen years of age and on
16 April 18,2023, I served a copy on all Defendants or their Attorney, by Personal service,
   at:
17
   **Law Office of ARG, Attorneys Real Estate Group, 905 Highland Pointe Drive, Ste 100**
18 **Roseville, California  955678**

19 Defendants Served at the address above: **SIMON CHAN, SUI CHEONG CHAN,**
   **PEGGY PICKYOKE YEE, ROBERTO CRUZ, RUBY BITZER and ARG**
20
   I served a copy of The Complaint Pleading listed:
21
   **COMPLAINT FOR CIVIL RIGHTS VIOLATIONS AND DAMAGES**
22 **BY FRAUD AS A PREDICATE ACT BY AN ENTERPRISE UNDER CIVIL RICO**
   **AND REQUEST FOR INJUNCTION**          **(Unlimited Civil)**
23

24
       Dated:  April 18, 2023
25
                   Faith Archuleta    PO Box 233707 Sacramento, Ca 95823
26
                                      Tel:  916 613-3628
27

28 PROOF OF SERVICE:   COMPLAINT: NONDISCLOSURE FRAUD, THEFT BY DECEPTION, CIVIL RIGHTS
   VIOLATION, CONTINUING CRIMINAL ENTERPRISE, REQUEST FOR IMMEDIATE INJUNCTION
                                        - 1 -