UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM MEYER TRUST, LIAM MEYER,<br><br>Plaintiff,<br><br>v.<br><br>SIMON CHAN, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-00718-DAD-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING HIS COMPLAINT, AND GRANTING LEAVE TO AMEND<br><br>ECF Nos. 1 & 2 |

Plaintiff brings this action against six defendants, who operate a piece of real estate in Sacramento. ECF No. 1 at 3. He claims that these defendants violated his rights under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). His complaint fails meet federal pleading standards, but I will offer him an opportunity to amend before recommending that this action be dismissed. I will also grant his application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's complaint includes numerous pages citing legal principles, but few explaining the facts underlying the suit. As best I can tell, plaintiff entered an agreement to purchase a piece of real estate in September 2019 and certain disclosures, mandatory under state law, were not made. ECF No. 1 at 15-17. Based on the seller's failure to make these representations, plaintiff incurred substantial losses. *Id.* These allegations, however, are insufficient to state a civil RICO claim. One of the required elements of such a claim is that the plaintiff plead and prove the existence of a 'pattern' of racketeering activity. 18 U.S.C. §§ 1962(b)-(c). Such a pattern requires at least two instances of racketeering activity within ten years of each other and if, as here, the activities are based on fraudulent conduct, they must be alleged with particularity under the heightened pleading standards of Rule 9(b). *See Schreiber Distrib. Co. v. ServWell Furniture*

1 *Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 2004).  Plaintiff has failed to carry that burden insofar as
2 the complaint fails to specify what other racketeering activities the defendants have allegedly
3 engaged in, when they engaged in those activities, and how each individual defendant participated
4 in the illegal acts.  *See Pineda v. Saxon Mortgage Services*, No. SACV 08-1187 JVS (ANx), 2008
5 U.S. Dist. LEXIS 102439, *11 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely
6 on mere labels and conclusions.  [Plaintiff] cannot simply allege general acts of wrongdoing
7 without expressly identifying which acts constitute 'predicate acts' for his RICO claim.")
8 (internal citations and quotation marks omitted).

9       Additionally, the complaint contains other deficiencies.  First, plaintiff appears to be
10 asserting claims on behalf of Liam Meyer Trust.  "A trustee may not represent a trust pro se in
11 federal court."  *Sundby v. Marquee Funding Grp.*, No. 21-55504, No. 21-55582, 2022 WL
12 4826445, at *1 (9th Cir. Oct. 3, 2022) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d
13 696, 697 (9th Cir. 1987)).  Second, I recognize that plaintiff has also brought a number of state
14 law claims, but he has yet to assert a properly pleaded federal cause of action that would permit
15 supplemental jurisdiction over these state claims.  *See* 28 U.S.C. §§ 1331 ("The district courts
16 shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties
17 of the United States."), 1367(a) (where the district court has original jurisdiction, it "shall have
18 supplemental jurisdiction over all other claims that are so related to claims in the action within
19 such original jurisdiction . . . .").  Finally, the complaint fails to establish diversity of the parties.
20 *See* 28 U.S.C. § 1332; *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.
21 1987).  Accordingly, plaintiff has not established the court's jurisdiction over his state law claim.

22       I will allow plaintiff a chance to amend his complaint to address these deficiencies before
23 recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the
24 amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d
25 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be
26 complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once
27 an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in
28 an amended complaint, as in an original complaint, plaintiff will need to assert each claim and

allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

        Accordingly, it is hereby ORDERED that:

        1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

        2.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

        3.  Failure to comply with this order will result in the dismissal of this action.

        4.  The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   October 1, 2024

                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE